United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60881
Conference Calendar

_____

RAY A. RANSOM,

                              Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; JANET RENO, Attorney General of
United States, in her official and individual capacity;
JANET RENO ESTATE; KATHLEEN HAWK SAWYER, Director of Federal
Bureau of Prisons, in her official and individual capacity;
KATHLEEN HAWK SAWYER ESTATE; KHURSHID Z. YUSUFF, Warden of
FCI Yazoo City, in her official and individual capacity;
YUSUFF Z. YUSUFF ESTATE; UNKNOWN KEELS, SIS Lieutenant, in
his official and individual capacity; PAUL GREEN, SIS
Technician, in his official and individual capacity; PAUL
GREEN ESTATE; SHIRLEY ROBINSON, Mail Room Officer, in her
official and individual capacity; SHIRLEY ROBINSON ESTATE;
TERSA HODO, Correctional Officer, in her official and
individual capacity; TERSA HODO ESTATE; JOSEPH S. PAUL, Mail
Room Supervisor, in his official and individual capacity;
JOSEPH S. PAUL ESTATE; UNKNOWN MCGEEHAN, Lieutenant, in his
official and individual capacity; UNKNOWN MCGEEHAN ESTATE;
BOBBY EDWARDS, Lieutenant, in his official and individual
capacity; BOBBY EDWARDS ESTATE,

                              Defendants-Appellees.

_____

RAY A. RANSOM,

                              Plaintiff-Appellant,

versus

JEFF H. KEELS; KHURSHID Z. YUSUFF; ESTER FIGUROA,
Lieutenant; RICHARD TURNER, Senior Officer,

                              Defendants-Appellees.

--------------------

Appeal from the United States District Court
for the Southern District of Mississippi
USDC Nos. 5:00-CV-232-BrS; 5:00-CV-325-BrS

--------------------

Before JONES, WIENER, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ray A. Ransom, federal prisoner # 27525-004, appeals the summary-judgment dismissal of his Bivens[**] actions against the above-named parties. A grant of summary judgment is reviewed *de novo* and will be upheld if the pleadings and the evidence show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c) and (e); Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1401 (5th Cir. 1993).

In dismissing Ransom's suits, the district court determined that he failed to exhaust his administrative remedies, as is required by 42 U.S.C. § 1977e(a). Ransom concedes that he failed to exhaust the third and final level of the administrative grievance process with respect to his claims. However, Ransom contends that the defendants interfered with his attempts to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

pursue his administrative remedies by placing him in administrative detention and intercepting his mail, and that "the exhaustion requirement should [therefore] be deemed satisfied." Ransom asserts that the defendants' actions raised a disputed issue of material fact that precluded summary judgment dismissal of his complaints. Ransom goes on the argue that, in any event, the defendants' summary judgment evidence was insufficient to show that he failed to meet the exhaustion requirement.

The defendants presented competent summary-judgment evidence demonstrating that Ransom did not pursue all levels of the administrative remedies process prior to filing his suits, as is required by 42 U.S.C. § 1997e. Ransom's assertion that the defendants prevented him from completing the administrative grievance process is unsubstantiated and conclusional, and is based on little more than his own belief that the defendants intercepted his third-level administrative complaint. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Ransom offers no evidence that he ever attempted the third and final level of administrative review. Under these circumstances, the district court's dismissal of Ransom's civil rights actions for failure to exhaust administrative remedies was proper. See 42 U.S.C. § 1997e; FED. R. CIV. P. 56(c).

AFFIRMED.